IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-05015-01/02-CR-SW-DGK |
| | ) | |
| BRIAN KEITH ELLEFSEN and | ) | |
| MARK EDWARD ELLEFSEN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now pending before the Court is Defendants' Joint Motion for Stay of Imprisonment and to Remain on Bond Pending Appeal (Doc. 333). For the following reasons the motion is DENIED.

The statute governing release pending appeal, 18 U.S.C. § 3143(b)(1), provides as follows:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds –
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial office shall order the detention terminated at the expiration of the likely reduced sentence.

The presumption is in favor of detention pending appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (*en banc*). A defendant bears the burden of proof by clear and convincing evidence on the § 3143(b)(1)(A) issues of flight and risk of danger to others. *United States v. Ballard*, 874 F.Supp. 88, 89 (D. Del. 1995). A defendant also bears the burden of establishing the statutory factors set forth in § 3143(b)(1)(B). *Id*. To overcome the statutory presumption in favor of detention, a defendant must establish that the appeal is not taken for the purpose of delay and raises substantial questions of law or fact likely to result in either reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced term of imprisonment. The Eighth Circuit has interpreted the phrase "substantial question of law or fact" to mean not just one on which there is no controlling precedent, but one that is a close question or could go either way. *Powell*, 761 F.2d at 1231-34.

Although Defendants do not argue the § 3143(b)(1)(A) factors, the Government essentially concedes that Brian and Mark Ellefsen are not flight risks and do not pose a danger to the safety of others. The Court agrees and finds the § 3143(b)(1)(A) requirements are satisfied.

With respect to the § 3143(b)(1)(B) factors, Defendants argue that their appeal raises a substantial question of law or fact that is likely to result in reversal, a new trial, or a sentence that does not include imprisonment, on the following issues: (1) the Government's treatment of

Brian Ellefsen's income as dividends, and not earned income; (2) various alleged *Brady* violations; and (3) the amount of restitution ordered in this case.

Significant briefing and argument has been heard on the first issue, and the Court has repeatedly ruled that there was no error of law with respect to the Government's characterization of the management fees as constructive dividends. The Court sees no purpose in readdressing this issue and simply holds that this question is firmly settled and that Defendants' appeal does not raise a substantial question of law on this point.

With respect to the *Brady* violation allegations the Court likewise finds Defendants' appeal does not raise a substantial question of law or fact that is likely to result in reversal, a new trial, or a sentence that does not include imprisonment. The Court is confident that no exculpatory documents were withheld from the Defendants; indeed, it appears the Government has gone out of its way to provide the defense with anything that might be remotely relevant to this case. But even if some documents were overlooked or not provided in a timely fashion, the materiality prong of the *Brady* analysis is not satisfied because there is no reasonable probability that had the documents been disclosed the result of the trial would have been any different. *Cone v. Bell*, 129 S.Ct. 1769, 1783 (2009). Thus an appeal on this issue is not likely to result in reversal, a new trial, or a sentence of no imprisonment.

Finally Defendants argue that the restitution order entered against Brian Ellefsen lacked evidentiary support and failed to properly recognize the taxes paid in his amended returns. Assuming for the sake of argument this is true, the statute would still not authorize the Ellefsen's to be released on bail pending appeal. Section 3143(b)(1)(B) only authorizes bail pending appeal if a favorable ruling would likely result in reversal, a new trial, or a sentence that does not include imprisonment. A favorable appellate ruling on this issue would simply result in a

reduction of the amount of restitution owed, not reversal, a new trial, or a sentence that does not include imprisonment, thus it is not a basis for the Court to release Defendants on bond.

Seeing no issue that satisfies the requirements of § 3143(b)(1), the motion is DENIED.

**IT IS SO ORDERED.**

       /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

Date: September 22, 2010